UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY R. SMITH,
    Petitioner,

v.                                                     Case No. 2:24-cv-247

CHADWICK S. DOTSON, Director,
Virginia Department of Corrections,
    Respondent.

## FINAL ORDER

Before the Court is Petitioner's Objection to the Magistrate Judge's Report and Recommendation. ECF No. 19. For the reasons stated below, Smith's Objection, ECF No. 19, is OVERRULED, Respondent's Motion to Dismiss, ECF No. 13, is GRANTED, and the Petition, ECF No. 1, is DENIED and DISMISSED WITH PREJUDICE.

### I.     LEGAL STANDARD

When a petition is referred for a report and recommendation, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo*[1] determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or

---

[1] "*De novo*" means "anew." *De Novo*, BLACK'S LAW DICTIONARY (7th ed. 1999). In the context of this statute, it means that the District Court considers the issues objected to as if for the first time, without considering the Report and Recommendation.

provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## II.     BACKGROUND

In 2015, Smith was convicted in the Circuit Court of Clark County of first-degree murder, conspiracy to commit a felony, and use of a firearm in commission of a felony. Pet. at 19. Smith was sentenced to twenty-three years' incarceration and is currently in the custody of the Virginia Department of Corrections. *Id.* Smith petitioned the Virginia Parole Board ("VPB") for geriatric parole each year for the last four years and has been denied each time.[2] *Id.* at 22. Most recently, the VPB denied Smith's petition on October 6, 2023. ECF No. 18 at n.1. In response, Smith filed the instant Petition, asserting he was deprived of his right to a "fundamental, fair, and impartial parole review and consideration." ECF No. 1 at 5, 7 (cleaned up). On November 19, 2024, Magistrate Judge Miller issued a Report and Recommendation ("R&R") recommending that this Court grant the Respondent's Motion to Dismiss and deny and dismiss with prejudice the Petition. ECF No. 18. In support of this recommendation, Magistrate Judge Miller concluded that Smith had failed to allege facts plausibly supporting his assertion that the VPB violated his rights to due process. *Id.* at 7. Smith timely objected, arguing in one way or another, to the entirety of Magistrate Judge Miller's R&R. Accordingly, this Court will conduct a *de novo* review of the R&R.

---

[2] Smith notes he is "not challenging the 2021, 2022, parole hearings, he's only challenging the 2023, parole hearing." Obj. at 7 (errors in original).

### III.  ANALYSIS

**A. Exhaustion**

As a general rule, a petitioner is required to exhaust his available state court remedies before filing a habeas petition in federal court. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1)(A). Under the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 2017). However, as with any rule, there are exceptions. A petitioner can avoid the exhaustion requirement when "there is an absence of available State remedies; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B). Additionally, a federal court may deny a habeas petition on the merits, "notwithstanding the failure of the [petitioner] to exhaust the remedies available in the courts of the State." *Id.* (b)(2).

In the R&R, Magistrate Judge Miller did not decide the question of exhaustion and instead proceeded to consider the merits of Smith's due process claim. R&R at 5. In reaching this decision, Magistrate Judge Miller relied on § 2254(b)(2). *Id.* Smith objects to this decision. Obj. at 4. Specifically, Smith states:

> The magistrate gave a good faith but problematic reading to a statute exhaustion requirement who's statutes are pulled in conflicting direction. The Respondent arguing that petitioner has not exhausted his state court remedies and the Magistrate dismisses the petitioner base on the respondent's Affirmative defense.

*Id.* (errors in original). Smith reiterates the same legal positions he did in his Petition to support his objection. Smith's main argument rests on his assertion that "[w]hen the Virginia Supreme Court states that [it] has no jurisdict to issue a writ in relations to the Parole Procedures etc. than there is no remedy available." Obj. at 7 (errors in original).

Following a *de novo* review, this Court finds that Smith's objection lacks merit. Magistrate Judge Miller did not dismiss Smith's Petition on the basis of exhaustion under § 2254(b)(1)(A). Instead, Magistrate Judge Miller considered Smith's argument under § 2254(b)(1)(B) and then concluded that "determining the question of exhaustion is not necessary to reach a decision on this motion to dismiss." R&R at 5. Accordingly, Smith's objection is OVERRULED.

### B. Due Process

To obtain habeas relief, a petitioner must, at a minimum, demonstrate "he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). The Fourteenth Amendment prohibits a state from depriving an individual of liberty without due process of law. U.S. Const. amend. XIV. The Fourth Circuit has held that while Virginia parole statutes do not create a liberty interest in parole release, "there may be some constitutionally protected interest in parole 'consideration' subject to due process." *Hill v. Jackson*, 64 F.3d 163, 170–71 (4th Cir. 1995). *See also Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). Further, the Fourth Circuit has held "to satisfy due process requirements triggered by this liberty interest, a parole board need only provide an offender with an opportunity to be heard and a 'statement of reasons indicating . . . why parole has been denied." *Bowling v. Virginia Dep't of Corr.*, 920 F.3d 192, 200 (4th Cir. 2019) (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986)).

In the R&R, Magistrate Judge Miller concluded that Smith failed to allege facts to support his assertion that the VPB violated his right to due process. R&R at 7. In reaching this conclusion, Magistrate Judge Miller found that: "Smith does not allege that the VPB denied him an opportunity to be heard. Smith also does not allege that the VPB failed to provide him with a list of reasons he was denied parole." *Id.* Magistrate Judge Miller additionally concluded that Smith's claim that Patricia West ("West") was absent from the Board at the time of his denial also failed. *Id.* at 8. In

4

reaching this conclusion, Magistrate Judge Miller found that West was appointed on September 18, 2023, approximately a month before Smith's denial. *Id.* Magistrate Judge Miller explained that West's "alleged absence or non-participation in Smith's denial decision does not deny Smith the limited due process he was entitled [to] under Virginia statute." *Id.* Smith objects to the Magistrate Judge's findings. Smith provides:

> Petitioner . . . [is] eligible for geriatric parole. . . . Petitioner [is] engaged in this action solely because the board deprived him the right to a fundamentally impartial and just parole review. It would be blindness, however, not to recognize that in the due process clause drastically restrict abuse or capricious treatment. It is claimed that thus to maim or decapitate parole granting, on the mere say so of the gov clearly infringes on the due process protection. They may not impose restrictions that are arbitrary, unreasonable, irrational, or capricious. It is plausible to argue that mere pro forma language will not suffice and that the reason given was tantamount to no reason and afforded the petitioner none of the constitutional safeguards.
>
> Obj. at 13–15 (errors in original) (internal citations omitted).

As to the findings related to Ms. West, Smith states:

> When there [is] no Parole Board Chairman appointed to the Parole Board, and a decision [is] made to deprive the petition parole, due process is violated. The Magistrate ignores such constitutional violation. . . . Patricia West was not appointed to the Parole Board during the parole interview, yet she denied granting parole absence of any realistic investigation.
>
> *Id.* at 16 (errors in original) (internal citations omitted).

Following a *de novo* review, this Court finds that Smith's objections should be overruled. Under Virginia's parole statute, Smith was entitled to two things: (1) an opportunity to be heard, and (2) a statement of reasons as to why his parole was denied. *Bowling*, 920 F.3d at 200. At no point does Smith allege that the VPB did not provide him with an opportunity to be heard or a list of reasons denying his parole. Smith has not alleged facts sufficient to support a due process claim. Accordingly, Smith's objection is OVERRULED.

5

## IV. CONCLUSION

Following careful consideration, the Court ACCEPTS AND ADOPTS IN WHOLE the Report and Recommendation. Accordingly, Smith's Objection, ECF No. 19, is OVERRULED, Respondent's Motion to Dismiss, ECF No. 13, is GRANTED, and Smith's Petition, ECF No. 1, is DENIED and DISMISSED WITH PREJUDICE.

Finding that the basis for dismissal of Petitioner's Section 2254 Petition is not debatable and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is DENIED. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Order to Petitioner and to counsel of record for the Respondent.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: March 3, 2025